IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. SAG 19-0486 |
| DANIEL WILLIAMS | : | |

**<u>MEMORANDUM AND ORDER</u>**

Daniel Williams was indicted in a Superseding Indictment on October 30, 2019 and charged with conspiracy to commit carjacking in violation of 18 U.S.C. 371; conspiracy to use and carry a firearm during and in relation to a crime of violence in violation of 18 U.S.C. 924(o); carjacking in violation of 18 U.S.C. 2119; and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. 924 (c)(1)(A)/ ECF 9. The Defendant had his Initial Appearance on November 18, 2019. ECF 27. Defendant consented to detention on November 22, 2019. ECF 35. A detention hearing was held on April 17, 2020 and an order of detention was entered by me on that date. ECF 75,76. At the detention hearing, I found by clear and convincing evidence that there were no conditions or combination of conditions that would assure the safety of the community. ECF 76. At the hearing the Court made findings of fact on the record and supplemented those with findings of additional reasons for detention in writing. The Court incorporates those findings of fact made on the record and the findings made in the Order of Detention. ECF 76.

Six days after his detention hearing Defendant filed a motion for review of detention. ECF 77. The basis for review of detention is that counsel failed to address Defendant's medical needs, specifically that Defendant suffers from bronchitis and asthma. *Id.* Although Defendant describes a lung condition similar in treatment to asthma, the Court will note his medical condition as asthma in this memorandum. ECF 79. Defendant asks the Court to revisit the detention order "in light of the current pandemic and the struggles addressing it at the DC Jail" The Defendant has briefed the

issues and the government has not filed a response. There is no need for a hearing. Local Rule 105.6. For the reasons set forth below, the motion is DENIED.

The Defendant does not challenge the Order of detention based upon the previous factors set forth in 3142(g) nor the Court's analysis of the danger the Defendant poses to the public. Instead the Defendant argues that he should be released because his prior medical conditions of bronchitis and asthma present a higher risk in detention than release in the community. The Court has obtained medical records that are under seal. In analyzing Defendant's motion, the Court makes an individualized assessment as to this Defendant, Daniel Williams. In making this decision, I incorporate the prior rulings cited by the Court and in particular, *United States v. Xavier Lee,* ELH 19-159, ECF 97, *United States v. Delonte Wheeler,* CCB 19-455, ECF 28 and *United States v. Green*, RDB 20-059, ECF 21.

The Factors Under 3142(g)

The Court considered the factors set forth in 3142(g) at the detention hearing on April 17, 2020. These factors included:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including— (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. 3142(g).

Defendant does not challenge the Court's findings that the 3142(g) factors demanded detention based upon the threat to public safety posed by Defendant. The government was entitled to a presumption in favor of detention pursuant to 18 USC 3142(e). In addition to the findings on the record, the Court made written findings as to Daniel Williams:

1) Extensive criminal history with firearms and violent crime along with drug trafficking;

2) Multiple violations while on supervision – poor response to supervision

3) All 3142(g) factors weigh in favor of detention;

4) COVID 19 arguments do not overcome 3142(g) factors which demand detention;

5) Two outstanding state "no bond" warrants remain outstanding [for Defendant];

6) Defendant has failed to produce evidence to rebut the presumption [for detention].

ECF 76.

Defendant and COVID-19

Defendant in his motion alleges he has a history of asthma and bronchitis. At the request of counsel, the Court obtained the medical records for the Defendant that remain under seal. ECF 80. A review of the records indicates that Defendant has a history of asthma, and was treated for several non-serious complaints that do not increase the risks of COVID exposure. The records further indicate that Defendant was placed in quarantine on April 18. 2020 where he received his initial assessment, had no symptoms and remains asymptomatic. Defendant had temperature checks twice daily and continues to be afebrile. The records do not indicate any issue of bronchitis, but for the sake of this motion, the Court considers he has had a past history of bronchitis due to his asthma. Defendant has not tested positive for COVID-19.

The Court does not dispute Defendant statistically is at higher risk due to his history of asthma and bronchitis. The issue for the Court is whether at this moment in time, the COVID-19

facts related specifically to this Defendant, outweigh the other factors under 3142(g) which compelled detention of Defendant.

The Defendant is housed at the D.C. Jail. Although counsel does not specifically address recent developments at the D.C. Jail, it is incumbent upon the Court to look to the conditions at this moment in time, in analyzing the factors related to COVID-19. In *Banks v. Booth*, 20 cv 849 (D.D.C.) Judge Kollar-Kotelly issued an opinion granting in part and denying in part a motion for a temporary restraining order in a civil action against the District Department of Corrections (CTF and D.C. Jail) regarding the care of detainees during the COVID-19 pandemic. After receiving evidence and briefings, the Court ordered the D.C. Jail and CTF to take certain remedial measures. Judge Kollar-Kotelly did not order the release of any detainees and also did not order that the institutions be shut down. The Order was issued on April 19, 2020. On April 17, 2020 Director Quincy Booth issued a detailed memorandum setting forth protocols and reminding all staff members of the need to comply with COVID-19 guidelines. ECF 26-1.

As Judge Coulson recently opined:

"At present, Judge Kollar-Kotelly, with the help of able advocates, their respective experts, and that court's own independent inspectors, is undoubtedly in the best position to make assessments of current overall conditions at the D.C. Jail, order necessary changes, and monitor compliance so as to address Fifth and Eighth Amendment concerns raised by those general conditions as to the named plaintiffs and the putative class members such as Defendant." *United States v. Irving Hernandez,* PX-19-158, ECF-385.

At this point in time, Defendant has not tested positive for COVID-19 and continues in quarantine, with on-going follow up to date. Defendant has had no symptoms. CTF and the D.C. Jail are under the strict scrutiny of the United States District Court for the District of Columbia. Director Quincy Booth started reforms and corrective action prior to the Order of Judge Kollar-Kotelly. By all accounts, with respect to this particular Defendant, he has remained asymptomatic and the conditions at the facility are improving under the stewardship of the Court. Therefore, in

balancing the 3142(g) factors already found by this Court, I find that the COVID-19 risk factors do not outweigh the danger to the community posed by this Defendant, Daniel Williams.

<u>Release under 3142(i)</u>

In *United States v. Creek*, the Fourth Circuit explained that 18 U.S.C. § 3142(i) requires considering "the severity of the risk that the COVID-19 virus poses to the defendant, given his existing medical conditions and the current COVID-19 situation at the facility where he is being held, and whether that risk, balanced against the other Bail Reform factors, rises to the level of a 'compelling reason' Case 1:19-cr-00455-CCB Document 26 Filed 04/28/20 Page 22 of 26 23 for temporary release..." United States v. Creek, CCB-19-36, App. No. 20-4251, ECF 18 at *1 (4th Cir. Apr. 15, 2020).

In this case, Defendant is asymptomatic with no residual effects while in quarantine. The institution is under strict scrutiny and is enforcing reforms to protect detainees. There also is no evidence that Defendant is not receiving appropriate medical care for his asthma. The records support that he has received care and attention with every visit he has made. There is no evidence that his asthma or bronchitis have caused him any additional problems while detained. He receives regular medical visits and his medication without issue. Therefore, I find there is no compelling reason for release under 3142(i).

It also is obvious to the Court that with the uncertainty of transmission of the COVID-19 virus, there is a risk of placing a quarantined person, this Defendant, into the public. The virus has presented itself as a moving target for health officials attempting to understand and control the community spread. The original plan for release proffered by Defendant was scant in details. Defendant argued his brother, previously identified as a third party custodian who lives with his girlfriend, was willing to take safety precautions to quarantine Defendant. There was no information about who else lived in the residence, whether it was a one, two, bedroom apartment

or a single family home, how quarantine would be accomplished and whether anyone else at the residence could be at a high risk for infection. Defendant now offers his grandmother as a third-party custodian and summarily states she has the space to properly quarantine Defendant and care for him. Defendant states she has no pre-existing risk factors. ECF 79. Defendant provides no additional information for the Court to consider.

As to home detention, the Court has been advised by Probation and Pretrial Services that traditional location monitoring is no longer available due to the risks to pretrial services personnel. Even if the more stringent traditional monitoring was available, this Defendant is not a candidate for a third-party custodian release. He was engaged in an extremely violent conspiracy that committed 24 separate acts of violence, including homicides and non-fatal shootings, resulting from a rampage of street robberies and carjackings. He is not a candidate for release under any conditions.

The Defendant's medical history and records present no change of circumstances regarding the 3142(g) factors to overcome the factors found by this Court that demand his continued detention. Defendant, under quarantine, is asymptomatic and receiving appropriate care to test for his possible exposure and for treatment of his asthma. The facility is being closely monitored by the Court. For the reasons stated by this Court, the Motion for Review of Detention Order and Request for Temporary Release, ECF 77 is DENIED.

So Ordered this 5th day of May 2020.

_____/s/_____
A. David Copperthite
United States Magistrate Judge